THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCHUYLKILL ENERGY RESOURCES, INC., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | 3:25-CV-1026 |
| | : | (JUDGE MARIANI) |
| AMERICAN MECHANICAL & GEARING, LLC, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is Plaintiff Schuylkill Energy Resources, Inc.'s (hereinafter "SER") "Motion for Default Judgment Pursuant to FRCP 55(b)(2)" (Doc. 12). For the reasons discussed below, the Court will grant Plaintiff's motion.

On June 9, 2025, Plaintiff filed a Complaint against Defendant American Mechanical & Gearing, LLC (hereinafter "AMG"), alleging Breach of Contract (Count I), Conversion (Count II), and Fraud (Count III). (Doc. 1).

Following the issuance of an Order by this Court directing Plaintiff to inform the Court whether service had been effectuated or a waiver of service obtained as to the defendant (Doc. 4), on August 22, 2025, Plaintiff filed a Waiver of Service of Summons which established that Defendant's responsive pleading was due within 60 days from August 14, 2025, *i.e.* on or before October 13, 2025. (*See* Doc. 5). As of the date of this Order, AMG

has not filed an Answer or other responsive pleading and no counsel has entered an appearance on Defendant's behalf.

On November 8, 2025, Plaintiff filed a "Request for Entry of Default" (Doc. 8) and the Clerk of Court entered default against AMG on November 14, 2025 (Doc. 9). The Clerk of Court having entered default, on May 28, 2026, Plaintiff filed a "Motion for Default Judgment Pursuant to FRCP 55(b)(2)" (Doc. 12), supporting Affidavit and exhibits (Doc. 12-2), and a supporting brief (Doc. 13).

## II. Standard of Review

Pursuant to the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default". Fed. R. Civ. P. 55(a). Upon the party's request, the clerk of court may then enter default judgment, but only if the claim is for a sum certain or one that can be made certain by computation, the defendant has made no appearance, and the defendant is not a minor or incompetent. *Id.* at 55(b)(1). In all other cases, the party seeking a default judgment must make an application to the court. *Id.* at 55(b)(2).

Although the entry of default judgment is "left primarily to the discretion of the district court", the discretion is not limitless given that cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-1181 (3d Cir. 1984). "Where a court enters a default judgment, 'the factual allegations of the complaint, except

those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n. 6 (quoting *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990)).

In determining whether to grant a motion for default judgment, a Court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

## III. Analysis

### A. The Entry of Default Judgment

Here, Plaintiff SER has satisfied all of the requirements necessary to obtain a default judgment against Defendant. In light of the lack of any response or action on the part of Defendant AMG, the Court must accept the following key factual allegations as true, *see DIRECTV*, 431 F.3d at 165 n. 6:

> SER is a duly organized corporation existing under the laws of the Commonwealth of Pennsylvania with corporate offices in Schuylkill County, Pennsylvania.
>
> Defendant, American Mechanical & Gearing, LLC, (hereinafter "AMG") is a duly organized limited liability company existing under the laws of the State of Georgia with offices located at 3245 Peachtree Parkway, Suwanee GA 30024.
>
> SER is engaged in the business of power generation in Schuylkill County, Pennsylvania.
>
> AMG is engaged, in part, in the business of repairing, refurbishing, supply of parts and transporting various components of power generation, including, various "blowers".

SER was in the need to have certain Blowers repaired, refurbished and modified so that they could be utilized in the business of power generation.

Specifically, SER contracted with AMG to:

a. Repair one (1) Aerzen blower, Model 15.12;
b. Repair one (1) Roots blower, Model 1018;
c. Evaluate two (2) Aerzen blowers, Model 18.17.

SER paid in advance the sum of $28,000.00 to repair the Aerzen blower, Model 15.12.

Defendant has stated that he did repair the Aerzen blower, Model 15.12, but has refused to return the same to Plaintiff despite being paid in full. Further, Plaintiff cannot verify that the Aerzen blower, Model 15.12 was repaired and/or properly repaired.

Due to the refusal of AMG to return the Aerzen blower, Model 15.12, SER was forced to purchase a replacement blower at a cost of $28,716.00.

SER contracted with AMG to repair the Roots blower, Model 1018 for the quoted price of $32,500.00.

SER paid one-half of the quoted price to repair the Roots blower, Model 1018 or the sum of $16,250.00.

AMG returned the Roots Blower, Model 1018 on or about April 2, 2025.

However, the Defendant failed to properly repair the Roots Blower and could not be used by SER.

Further, SER incurred substantial expense in initially installing the Roots Blower into the facility and then almost immediately incurred substantial expense in removing the same.

SER had to have the Roots Blower repaired again by another company at a cost of approximately $30,000.00.

Further, AMG had agreed to pay for all shipping associated with the Roots blowers and stated that he would provide a shipping company and pay said costs.

However, unknown to SER, the Defendant, AMG committed fraud and procured a shipper using SER as the responsible party.

> As a result, the shipper, RL Carriers is now taking collection actions against SER for payment of the shipping costs.
>
> Additionally, SER, upon learning that the Roots blower [was] defective demanded the return of the Aerzen blowers Model 18.17 as the Defendant was not qualified to repair the same.
>
> The Defendant has refused to return the Aerzen blowers and is demanding an unreasonable amount of funds in an effort to extort payment out of SER.
>
> The Defendant, despite repeated demands, has refused to return the Aerzen blowers.

(Doc. 1, ¶¶ 1, 2, 8-26).

In considering the factors necessary to decide whether default judgment is appropriate, the Court first notes that the record demonstrates that a representative of Defendant signed a Waiver of Service of Summons on August 15, 2025. (Doc. 5). Since that time, no counsel has entered an appearance on behalf of the defendant and the defendant has not filed any documents of record or otherwise taken any action to defend this action on the record. The Clerk of Court thus entered default against the defendant on April 2, 2026. (Doc. 9).

With respect to the prejudice to Plaintiff SER if default is denied, this factor weighs in favor of the plaintiff. Absent the default judgment, SER will be faced with an indefinite, and possibly permanent, delay in the adjudication of its claims and is left with no alternative means to vindicate the claims against AMG, the defaulting party, including obtaining the monetary damages it alleges it is owed.

As to whether the defendant appears to have a litigable defense, this factor also weighs in favor of SER. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)). In the present action, the defendant has not filed an answer or performed any other action to defend the case or set forth a meritorious defense. In the absence of any response by Defendant, the Court is unable to determine the viability of one or more possible defenses which may constitute a complete defense in this action. *See e.g., Joe Hand Promotions, Inc. v. Yakubets*, 3 F.Supp.3d 261, 271-272 (E.D. Pa. 2014) ("[O]utside of the court's obligation to decide whether it has jurisdiction and whether the complaint states a claim, the court may presume that an absent defendant who has failed to answer has no meritorious defense, *e.g., Doe v. Simone,* No. 12-5825, 2013 WL 3772532, at *5 (D.N.J. July 17, 2013), because '[i]t is not the court's responsibility to research the law and construct the parties' arguments for them'") (quoting *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008)).[1]

The third factor, whether the defendant's delay is due to culpable conduct, also weighs in favor of Plaintiff. "In this context culpable conduct means action taken willfully or

---

[1] Upon review of the Complaint (Doc. 1), the Court is satisfied that it has jurisdiction in the present case and that Plaintiff has stated a claim for relief.

in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). The defaulting defendant, AMG, has been on notice of this legal action since, at the latest, August 15, 2025, when it executed the Waiver of the Service of Summons. (*See* Doc. 5). Thus, the defendant has failed to respond or take any other formal action to defend this lawsuit for over one year. Although the Court is reluctant to attribute bad faith to Defendant AMG, at minimum, Defendant's lack of action amounts to deliberate and willful conduct.

Therefore, default judgment will be entered against American Mechanical & Gearing, LLC.

**B. Damages**

Pursuant to the Federal Rules of Civil Procedure, a Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 50(b)(2).

Here, Plaintiff's Complaint requests judgment "in an amount in excess of the $125,000.00 together with interest, punitive damages, costs and such other damages permitted by law." (Doc. 1). Plaintiff's Motion for Default Judgment requests judgment in the amount of $ 200,139.71. (Doc. 12). As detailed in the Affidavit of Alexander Brush, General Manager for SER, attached to the Motion for Default Judgment, this amount is calculated as follows:

| | |
|---|---|
| Sum paid to AMG to repair blowers: | $ 45,025.00 |
| Sum paid to HEIM for proper repair of blowers: | $ 33,200.00 |
| Sum for transport of blowers to/from AMG: | $ 1,768.71 |
| Cost of replacement blower (Hoffman): | $ 72,640.00 |
| Cost of replacement blower (Eurus): | $ 28,716.00 |
| Cost of SER "man hours" expended due to AMG's actions/inactions: | $ 18, 790.00 |
| | **$ 200,139.71** |

(Doc. 12-2, 1-5).

The Court does not take as true the moving party's factual allegations or legal conclusions relating to the amount of damages as set forth in the Complaint, *Comdyne I, Inc.*, 908 F.2d at 1149. However, Plaintiff SER's request for damages in the amount of $ 200,139.71 is plainly supported by the following exhibits: (A) SER Check Register showing the sum of $ 45,025.00 paid to AMG for repairs; (B) SER Payment Register showing the sum of $ 33,200.00 paid to HEIM, a different repair facility, to fix a blower improperly repaired by AMG; (C) Invoice from RL Carrier for $ 1,768.71, and check from SER paying this amount; (D) Invoice for Hoffman blower in the amount of $ 76,315.00 and SER Payment Register recording this amount as paid;[2] (E) Invoice for Eurus blower in the

[2] Although the Affidavit of Mr. Brush states that SER "purchase[d] a comparable replacement Hoffman blower at a price of $72,640.00" (Doc. 12-2, ¶ 22), Exhibit D reflects that the invoice, and amount paid by SER, was $ 76,315.00. The record does not account for this discrepancy and the Court will assume that Mr. Brush's stated lower cost is correct.

amount of $ 29,629.10 and SER Payment Register recording this amount paid.[3] Furthermore, the basis for Plaintiff's request for $18,790.00 in "man hours expended [as] the direct result of the improper actions of AMG" and "not related to any work that would have naturally occurred had AMG acted appropriately" is clearly set forth and calculated in Mr. Brush's sworn Affidavit (*see* Doc. 12-2, ¶¶ 25-27).

Accordingly, the Court will grant Plaintiff's motion for default judgment in the amount of $ 200,139.71.

## IV. Conclusion

For the foregoing reasons, the Court will grant Plaintiff Schuylkill Energy Resources, Inc.'s "Motion for Default Judgment Pursuant to FRCP 55(b)(2)" (Doc. 12) and enter default judgment in the amount of $ 200,139.71.

Robert D. Mariani
United States District Judge

---

[3] The Affidavit of Mr. Brush states that the "purchase price" for the Eurus blower to replace the blower not returned by AMG was $ 28,716.00 (Doc. 12-2, ¶ 23) and thus requests this amount in his calculation of damages. Upon review of Exhibit E, the difference between the amount paid by SER ($ 29,629.10) and the purchase price of the Eurus blower is the costs for "packaging/handling/delivery" in and out. (*See* Doc. 12-2, Ex. E, at 1). Because SER does not request these costs, they are not included in the final calculation of damages.